UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                     ORDER

MARK CASTAGNETTA,                        16-CR-770 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Mark Castagnetta's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 34, 36, 40), and the Government's opposition thereto, (Doc. 42).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant was convicted of sex trafficking of children and sentenced principally to 216 months' imprisonment. (Doc. 19.) He has served a little under 54 months.

Defendant states that he has chronic conditions for which he is not being treated, that he is at high risk for COVID-19, and that he in fact has tested positive. Happily there is no indication that Defendant suffered a severe case.[1] Now that he has been diagnosed with the disease and seems to be weathering it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive

---

[1] Defendant contends that he has not been given care, having been supplied only with ibuprofen and cough drops. He does not suggest what other treatment might have been appropriate. Indeed, unless hospitalized, COVID-19 patients in the community also generally wait out the disease with over-the-counter medications. The Government has supplied medical records dated through January 21, 2021, and they show Defendant – whose positive test was reported on January 3 – has been getting attention from medical personnel, having been seen on January 4, 5, 7, and 9. He had no fever and on the date his oxygen saturation was checked, it was normal. The Government shall supply hard copies of the medical records to chambers for filing under seal.

test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare," https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

Defendant further claims that he has not received attention for his other medical conditions such as arthritis, back pain and migraines, but the medical records belie this contention. The Government concedes, however, that because Defendant's body mass index now exceeds 30, and obesity is a condition identified by the Centers for Disease Control as presenting an increased risk for a severe case if one comes down with COVID-19, extraordinary and compelling circumstances exist.[2] I am not sure I agree, given that Defendant has contracted COVID-19, apparently has not had a severe case, and is unlikely to contract it again, let alone suffer a severe case. Nevertheless, I will assume for the sake of argument that Defendant's situation constitutes extraordinary and compelling circumstances.

The § 3553(a) factors massively outweigh those circumstances and militate against release a quarter of the way into Defendant's 218-month sentence. Defendant's offense was horrific. He held a 14-year old girl as a "sex slave" for over a year, supplying her with drugs and trafficking her to other men. He did the same to a 16-year-old for a shorter period, including making a sex video of her. He remains an acute danger to the community, because he adheres to

---

[2] Defendant also smoked marijuana for decades, (Doc. 15 ("PSR") ¶ 121), and smoking is another risk factor.

the view that he did not harm the victims; that he in fact helped them; and that there was nothing wrong with his having had sex with them.  (PSR ¶ 119.)  Releasing him now would not begin to sufficiently account for the seriousness of the offense, the harm to the victims or his lack of remorse.  It would fail to protect the community; would not be just punishment; and would undermine respect for the law.  In short, the § 3553(a) factors overwhelmingly dictate that Defendant remain behind bars, even if his medical situation rises to the level envisioned by § 3582(c)(1)(A).

       For the reasons stated above, the motion is denied.

Dated: February 3, 2021
       White Plains, New York

                                                 */s/ Cathy Seibel*
                                             CATHY SEIBEL, U.S.D.J.