UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK CASTAGNETTA,

        Movant,

-against-

UNTED STATES OF AMERICA,

        Respondent.

7:16-CR-0770 (CS)

7:21-CV-6107 (CS)

TRANSFER ORDER

CATHY SEIBEL, United States District Judge:

    Movant, currently incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, brings this *pro se* "motion to reopen, vacate and set aside the sentence and judgment of conviction and to dismiss the action with prejudice for lack of subject-matter jurisdiction and for leave to file for good cause an oversized brief," challenging his conviction and sentence issued by the Court in *United States v. Castagnetta*, 7:16-CR-0770 (CS) (S.D.N.Y. Aug. 28, 2017). For the reasons set forth below, the Court transfers this motion to the United States Court of Appeals for the Second Circuit.

    The proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Movant has already challenged his conviction and sentence by filing a § 2255 motion. That motion was denied as untimely on May 6, 2019. (ECF 7:16-CR-0770, 33) (civil docket number 7:18-CV-11085).

    A submission is a second or successive § 2255 motion when a previous § 2255 motion was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a submission as a second or successive § 2255 motion without providing the movant an opportunity to withdraw the submission. *See Jiminian*, 245 F.3d at 148.

Because Movant has already filed a § 2255 motion that was decided on the merits, *see Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] . . . § 2255 [motion] that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes."), the present motion is recharacterized as a second or successive § 2255 motion.

Before a movant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Movant has not indicated that he received authorization from a court of appeals to file the present motion. Movant must therefore request permission to pursue the present motion from the United States Court of Appeals for the Second Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers the present motion to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

In the interest of justice, the Court transfers this second or successive § 2255 motion to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631. *See Liriano*, 95 F.3d at 122-23 (2d Cir. 1996). This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a

defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated: July 16,202`
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge