UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                       ORDER

MARK CASTAGNETTA,                          16-CR-770 (CS)

                Defendant.
---------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Mark Castagnetta's motion for reduction of sentence.  He

moves primarily under 18 U.S.C. § 3582(c)(2) but also raises 18 U.S.C. § 3582(c)(1)(A), known

as "compassionate release." (ECF No. 48.)  Defendant was convicted of sex trafficking of

children and sentenced principally to 216 months' imprisonment.  (Doc. 19.)  He has served 96

months.

      Defendant's motion under § 3582(c)(2) relies on an amendment to the United States

Sentencing Guidelines that was made retroactive and that provides for a two-level reduction in

offense level for offenders wth zero criminal history points who meet certain conditions.  But

that new Guideline, U.S.S.G. § 4C1.1, does not apply to Defendant for two reasons.  First, he

was not a zero-point offender; he had two criminal history points, rendering him ineligible under

§ 4C1.1(a)(1).  Second, even if he were a zero-point offender, his offense of conviction was a sex

offense, rendering him ineligible under § 4C1.1(a)(5).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a)

factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is

consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement

1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and

additionally requires that the Defendant not be a danger to the safety of any other person or the

community.  *See* U.S.S.G. § 1B1.13(a), p.s.  The Policy Statement, as amended, *see United*

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies

as extraordinary and compelling certain circumstances relating to medical condition, age, family

and, prison abuse, as well as any other circumstances of similar gravity and unusually long

sentences.  *See* U.S.S.G. § 1B1.13(b)(1)-(6).  It further provides that rehabilitation alone is not an

extraordinary and compelling circumstance, but my be considered in combination with other

circumstances in determining whether and to what extent a sentence reduction is warranted.  *See*

*id.* § 1B1.13(d); *see also* 28 U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not

be considered an extraordinary and compelling reason.").  "The defendant bears the burden of

showing that the circumstances warrant a sentence reduction."  *United States v. Jacques*, No.

20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant relies on harsh conditions in prison.  While I do not doubt that conditions in

prison are hard and unpleasant, and while I do not mean to minimize the difficulty that the

COVID-19 pandemic caused for inmates (or those on the outside, for that matter), any such

conditions are not unique to Defendant.  Such universal conditions do not give rise to

extraordinary and compelling circumstances. *See United States v. Farmer*, No. 19-CR-427, 2022

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief  is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4 (internal quotation marks and citations omitted). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13.

WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022); *United States v. Ramirez*, 571 F. Supp. 3d 40, 47

(S.D.N.Y. 2021); *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Defendant states that he has participated in programming, work and education, and has

been free of discipline.  "While [Defendant's] efforts at rehabilitating himself are commendable

and should continue, they do not alone or in combination with his other arguments constitute an

extraordinary and compelling reason for compassionate release."  *White v. United States*, No.

13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd.*, No. 22-2337-CR, 2023

WL 8446806 (2d Cir. Dec. 6, 2023); *see United States v. Steele*, No. 19-CR-65, 2021 WL

2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary

and compelling alone or in combination with harsh pandemic prison conditions).  Further, good

conduct in prison is not uncommon, and indeed is expected.  *See United States v. Alvarez*, No.

89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Defendant also attempts to rely on U.S.S.G. § 1B1.13 (b)(6), but does not meet the

criteria of that subsection because he has not served ten years and, as discussed above, there is no

change in the law affecting his sentence.

In short, Defendant's arguments do not, singly or in combination, amount to

extraordinary and compelling circumstances.

Even if they did, the § 3553(a) factors would massively outweigh those circumstances

and militate against release not even halfway into Defendant's 218-month sentence.  Defendant's

offense was horrific.  He held a 14-year old girl as a "sex slave" for over a year, supplying her

with drugs and trafficking her to other men.  He did the same to a 16-year-old for a shorter

period, including making a sex video of her.  He presents an acute danger to the community,

adhering to the view that he did not harm the victims; that he in fact helped them; and that there was nothing wrong with his having had sex with them.  (PSR ¶ 119.)  His statements now – after a previous Order by this Court noted his distorted beliefs and lack of remorse, (ECF No. 43 at 3-4) – that he "made some bad mistakes" and "has great remorse" are not convincing, especially coupled as they are with the claim that "his intentions were not sinister," (ECF No. 48 at 8).  Releasing him now would not begin to sufficiently account for the seriousness of the offense, the harm to the victims or his lack of remorse.  It would fail to protect the community; would not be just punishment; and would undermine respect for the law.  In short, the § 3553(a) factors overwhelmingly dictate that Defendant remain behind bars.

      For the reasons stated above, the motions ares denied.

Dated:  August 26, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.